IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEPHEN EARL BENZENHAFER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-55-Z-BR |
| | § | |
| LORIE DAVIS, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Stephen Earl Benzenhafer ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody, challenging a prison disciplinary proceeding that took place at the Neal Unit in Potter County, Texas. (ECF 3 at 5). Petitioner is currently incarcerated at the Neal Unit pursuant to convictions for failing to register as a sex offender, for which he was sentenced to five years of imprisonment, and possession of child pornography, for which he was sentenced to eight years of imprisonment. (*Id*. at 2; 10 at 3; 10-2 at 2). Petitioner's conviction is out of the 3rd Criminal District Court of Dallas County, Texas. (ECF 10 at 3; 10-2 at 2). The undersigned United States Magistrate Judge recommends Petitioner's application for federal habeas corpus relief be DENIED.

I.   **DISCIPLINARY CHARGE AND PROCEEDINGS**

On November 14, 2017, in disciplinary case number 20180070481, Petitioner was notified he was being charged with the offense of "[a]ssaulting an offender without a weapon that results in a non-serious injury or no injury" under Level 2, Code 2.4 of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") Disciplinary Rules and Procedures for

Offenders. (*Id*. at 4; 12-2 at 3). Specifically, it was alleged that on November 12, 2017, Petitioner assaulted another inmate by striking him "closed fist in the face without a weapon," which resulted in non-serious, if any, injuries. (ECF 12-2 at 3). Petitioner waived his right to receive written notice of the charges against him at least 24 hours before the hearing. (*Id*.). A Disciplinary Hearing Officer ("DHO") conducted Petitioner's disciplinary hearing on November 14, 2017. (*Id*. at 3, 14). The DHO found Petitioner guilty of the charged offense and assessed punishment that included forfeiture of 90 days previously accrued good time credit.[1] (*Id*.).

Petitioner unsuccessfully challenged this disciplinary proceeding through the prison grievance system. Petitioner filed a Step 1 Grievance on December 4, 2017, which was denied as untimely the same day. (ECF 12-1 at 3–4). Though the record does not contain a Step 2 Grievance, Petitioner claims, and Respondent does not dispute, that Petitioner attempted to file a Step 2 Grievance, but the grievance was rejected due to the Step 1 Grievance's untimeliness. (*See* ECF 3 at 5–6; 10 at 8). Petitioner then filed the instant habeas petition challenging the disciplinary proceeding decision.

## II.   EXHAUSTION AND PROCEDURAL DEFAULT

Respondent argues that Petitioner's claims are unexhausted and should be dismissed because he did not properly exhaust his administrative remedies as to any of his allegations and is now procedurally barred from doing so. (ECF 10 at 6–10).

A state prisoner must generally exhaust all available state remedies before proceeding in federal court. 28 U.S.C. § 2254(b), (c). Texas state prisoners are not required to present habeas

---

[1] Petitioner's other punishment included: (1) loss of 45 days of recreational privileges; (2) loss of 45 days of commissary privileges; (3) loss of 45 days of offender telephone service, and (4) a class reduction. (ECF 12-2 at 3, 14). However, these punishments constituted changes in the conditions of Petitioner's confinement and do not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988). However, a Texas state prisoner must properly present a claim in both steps of the TDCJ's two-step formal grievance process for a claim to be considered exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *Booth v. Davis*, No. 2:17-CV-3-D-BR, 2019 WL 486991, at *3–4 (N.D. Tex. Jan. 10, 2019), *adopted by* No. 2:17-CV-3-D-BR, 2019 WL 486166 (N.D. Tex. Feb. 7, 2019).

TDCJ disciplinary rules require all Step 1 Grievances to be filed within 15 days after the disciplinary hearing at issue. *See* TDCJ-CID Offender Orientation Handbook, https://www.tdcj.texas.gov/documents/Offender_Orientation_Handbook_English.pdf at Pages 73–75 (last visited on December 31, 2020) ("You have 15 days from the date of the alleged incident or occurrence of the issue presented in which to complete the Step 1 grievance form and forward it to the unit grievance investigator."). Petitioner's disciplinary hearing was held on November 14, 2017, making any Step 1 Grievance challenging the punishment assessed at that hearing due on or before November 29, 2017. Petitioner signed his Step 1 Grievance on November 30, 2017 and filed it on December 4, 2017. (ECF 12-1 at 3–4). The Step 1 Grievance was denied as untimely. (*Id*. at 4; *see* 3 at 5–6). Petitioner attempted to file a Step 2 Grievance, but the grievance was rejected due to the Step 1 Grievance's untimeliness. (*See* ECF 3 at 5–6; 10 at 8). Additionally, pursuant to the TDCJ-CID Offender Orientation Handbook, it would be futile for Petitioner to file additional grievances to exhaust his state remedies at this point because those claims would be dismissed as untimely. *See* TDCJ-CID Offender Orientation Handbook, at 73–75.

Thus, the undersigned finds Petitioner's claims are unexhausted and procedurally barred because he failed to properly present his claims in both steps of the TDCJ's two-step formal grievance process. *Kimble v. Davis*, No. 2:19-CV-201, 2020 WL 1279152, at *1–2 (S.D. Tex. Feb. 3, 2020), *adopted by* No. 2:19-CV-201, 2020 WL 1322000 (S.D. Tex. Mar. 17, 2020); *Ascencio v. Dretke*, No. 2:02-CV-0266, 2005 WL 877906, at *1 (N.D. Tex. Apr. 15, 2005), *adopted by* No. 2:02-CV-0266, 2005 WL 1058869 (N.D. Tex. May 5, 2005). The undersigned further finds Petitioner failed to allege circumstances that would allow the Court to excuse his failure to exhaust his claims. *Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)) ("Federal habeas review of procedurally defaulted claims is barred 'unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'"). The undersigned recommends Petitioner's application for federal habeas corpus relief be denied.

### III. RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner be DENIED.

### IV. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 6, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).